Pratt, J.
But one exception appears in this case which is worthy of our attention, and that arises on the motion to dismiss the proceedings at the close of the testimony. This raises the question whether or not, on all the testimony which had been admitted without objection, there was any evidence to sustain the allegations of the indictment.
The defendant was indicted for a most loathsome crime— that of incest with his own daughter. He defended himself. Presumably this was by his own choice, for the record shows that counsel was duly assigned to defend him. His position seems to have been that no one but the mother of the girl, with whom the incest was charged, could testify that she was his daughter, and, that since the mother was dead, the paternity of the woman was something that nobody could find out.
Our views of the merits are such that we are inclined to suffer defendant to learn from experience the somewhat familiar rule of evidence (in case he should undertake to defend himself again after competent counsel had been assigned him) that facts of this nature maybe established, by the best evidence of which the nature of the case admits, so long as it tends to prove the charge. The proof here shows, assuming that the jury believed the testimony, that the girl in question was the daughter of a woman with whom he was actually found in adulterous intercourse. Her history was traced from the time of her birth, with the exception of about two or three years, when he ran away and left both the mother and child; he recognized the latter as his daughter. If his theory of the character of this mother is true, he was the best living witness who could determine the' paternity of the child; and, through years of her youth, he steadily recognized her as his daughter. If the girl was not his daughter, he seems to have brought her up in that relation, and his mistake, if mistake it was, seems to have been discovered only after she was sufficiently grown to be able to gratify his lust. The testimony shows that she strongly resembled him. On the whole, we think that he knev about her paternity so much better than anybody else that we shall not interfere with the jury’s notion that he knew well enough to satisfy human judgment.
He seems to have had a similar notion in relation to the-requisite proof of his intercourse with the girl herself. He will be wiser next time. He called her his wife; lived with her at a hotel where he introduced her as his daughter, and kept her until it became obvious that he was treating her as *383 his mistress, for she was plainly pregnant. If this was not Xds work, he seems to have submitted to the evidence of her carnal intercourse with somebody with a degree of resignation which is quite as surprising as the nature of the charge was disgusting; she seems to have been a weak-minded person, probably insane, and the facts tend strongly to show that this was the explanation of this most unnatural intercourse. Compelled to leave the hotel, he lived with her elsewhere as his wife, during which intercourse she became the mother of two or three cMldren, whom he seems to have recognized as his own. The jury undoubtedly were able to to see that somewhere in their history, the crime of incest had been committed. Taking the age of one of the cMldren and the neighbors’ story together, the jury were quite justified in finding the date and venue charged in the indictment.
Of course an exception is not necessary to due power to grant a new trial. But, in its absence, a convicted defendant must satisfy us that justice was not done to him.
On the whole, we think that he has failed under well-settled rules to do so.
Conviction affirmed.
Barnard, P. J., and Dykman, J., concur.